FRANKLIN D. MORRIS,                )
                                   )
      Plaintiff,                )
                                   )
  vs.                             )          Case No. 4:07CV1629 JCH
                                   )
LT. LARRY DOYLE, et al.,           )
                                   )
      Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendants Federal Bureau of Investigation, United States Marshals Service and United States Department of Justice's Motion to Dismiss (Doc. No. 76), Defendants Gerald M. Auerbach's, Matthew Liefer's, Joseph Vaughn's and Charlie Williams's Joint Motion to Dismiss, or, in the Alternative, Motion for a More Definite Statement (Doc. No. 78), Motion to Dismiss Case by Steven Holtshouser (Doc. No. 82), Motion to Dismiss Case by Defendant Alberto Gonzales (Doc. No. 84), and Defendant United States of America's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 119). These matters have been fully briefed and are ready for disposition.

## BACKGROUND

Plaintiff alleges that, while in federal custody on criminal charges, he cooperated with federal authorities regarding several bank robberies. (Compl., ¶¶ 31-32).[1] Plaintiff was held as a pretrial detainee at the Lincoln County Jail pursuant to an Intergovernmental Agreement between the United States Marshals Service ("USMS") and the Lincoln County Jail. (Doc. No. 115-2). Some of the

---

[1] All allegations herein refer to Plaintiff Franklin D. Morris's Amended Complaint ("Complaint" or "Compl."). (Doc. No. 46).

people implicated in these robberies were being held, like Plaintiff, at the Lincoln County Jail. (Compl., ¶ 31). Consequently, Morris was supposed to be separated from several individuals at the Lincoln County Jail. (Compl., ¶ 33). The USMS was supposed to issue the "Separatee List" and instruct the State Defendants[2] to keep Plaintiff Morris separate from David Greenwade, Otis McCalister, Scott Williams, and Joe Morris. (Compl., ¶ 33).

On September 27, 2005, Greenwade was placed in Plaintiff's housing unit at Lincoln County Jail. (Compl., ¶ 35). Greenwade assaulted Plaintiff. (Compl., ¶ 36). Plaintiff claims that he suffered temporary and permanent injury from Greenwade's attack. (Compl., ¶¶ 37-38). Plaintiff also claims that, after he was transferred to another facility, he "narrowly escaped being assaulted in two additional incidents." (Compl., ¶¶ 80, 83, 89). Plaintiff alleges that Defendants violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment by "failing to protect him from immediate and preventable harm while in their custody and care." (Compl., ¶28). Plaintiff also claims that "Defendants" further violated his Eighth Amendment Constitutional right by "depriving him of immeidate [sic] and necessary medical treatment for injuries sustained while in their custody and care." (Compl., ¶ 29).[3]

Plaintiff filed his Civil Rights Complaint on September 14, 2007 (Doc. No. 1). This Court granted Plaintiff leave to file an Amended Complaint, which was filed on July 13, 2009 (Doc. No. 46).

---

[2]The Court refers generally to the "State Defendants," which include Larry Doyle, Lloyd Swafford and Scott Bonney, Lynn Park, Diane Cockrell, the Lincoln County Jail and the Lincoln County Sheriff's Department.

[3]The parties agree that this allegation is only against the State Defendants.

## STANDARD OF REVIEW

Defendants have moved for dismissal under both Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim on which relief can be granted. The party asserting subject matter jurisdiction has the burden of proving that jurisdiction is proper. V S Ltd. P'ship v. Dep't of Hous. and Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000) (citing Nucor Corp. v. Nebraska Pub. Power Dist., 891 F.2d 1343, 1346 (8th Cir. 1989)). "The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." Drevlow v. Lutheran Church, Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990)). "Because jurisdiction is a threshold issue for the court, the district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993) (quoting Osborn, 918 F.2d at 729).

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto. Servs., Inc., 432 F.3d 866, 867 (8th Cir. 2005)); Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted) (The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." C.N. v. Willmar Pub. Sch., 591 F.3d 624, 630 (8th Cir. 2010)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 78 S. Ct. 99 (1957)). While a Complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555; Huang v. Gateway Hotel Holdings, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

### I.  FBI, USMS, AND USDOJ

Plaintiff brought claims against Defendants Federal Bureau of Investigation ("FBI"), the USMS and United States Department of Justice ("USDOJ") pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §§2671, et seq., and pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 29 L. Ed. 2d 619, 91 S. Ct. 1999 (1971).  (Doc. No. 103, p. 3).

### A.  FTCA

Plaintiff asserts that the government has consented to be sued pursuant to the FTCA.  The FTCA waives sovereign immunity for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).  The FTCA defines Government employees to include "officers or employees of any federal agency … and persons acting on behalf of a federal agency in an official capacity."  28 U.S.C. § 2671. The FTCA "confers district court jurisdiction generally over claims for money damages against the United States predicated on negligence." Laswell v. Brown, 683 F.2d 261, 264 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983).  Congress created the FTCA as a "uniform, systematic, and exclusive remedy for the torts of federal agencies." Peak v. Small Business Admin., 660 F.2d 375, 378 (8th

Cir. 1981). "[I]f no recovery is allowed under the FTCA for an action sounding in tort, there is simply no remedy afforded." Id.

    1.    FBI and USDOJ

The FTCA provides a limited waiver of the United States' sovereign immunity when certain jurisdictional prerequisites are met. 28 U.S.C. §§ 2674-75. Before a party may file a lawsuit, he must have "presented the claim to the appropriate Federal agency and [his] claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); see also Bellecourt, 313 F.2d at 430 ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant"). The claim is deemed denied by the agency if no response is received within six months. Id. The implementing regulation clarifies that "a claim shall be deemed to have been presented" if the relevant agency receives either "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a). "Because presentment is a jurisdictional prerequisite to suit under the FTCA, and jurisdiction is a threshold issue for the district court to decide, the district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met." Daniels v. United States, 135 Fed. Appx. 900, 901 (8th Cir. Jun. 16, 2005) (citing Osborn v. United States, 918 F.2d 724, 728-29 (8th Cir. 1990)).

FBI and USDOJ assert that Plaintiff's claims against them must be dismissed because Plaintiff failed to exhaust his administrative remedies against them, as required under the FTCA. Plaintiff has not alleged that he filed an administrative claim with the FBI or the USDOJ. (Doc. No. 46; Doc. No. 77, p. 7). Accordingly, this Court dismisses any FTCA claim that Plaintiff may allege under the FTCA against the FBI or the USDOJ for lack of jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).

2.    USMS

Plaintiff alleges, and the USMS admits, that Plaintiff filed an administrative tort claim with the USMS.  (Compl., ¶ 26; Doc. No. 77, p. 7).  Plaintiff's administrative tort claim against the USMS was denied on March 13, 2008.  (Doc. No. 77, p. 3).  Plaintiff improperly named the USMS as the defendant in this action.  The United States is the proper defendant in an FTCA claim and the USMS is dismissed from this action.  The United States is substituted as a defendant for the USMS in this action.  28 U.S.C. § 2679(d)(1); see also Kaminsky v. Missouri, No. 4:07-CV-1213, 2007 U.S. Dist. LEXIS 80702, at *7 (E.D. Mo. Oct. 31, 2007)

B.    Constitutional Claims

"A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights."  Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998).  "Bivens allows for a cause of action for damages against federal officials, not federal agencies, for certain constitutional violations."  Patel v. United States Bureau of Prisons, 515 F.3d 807, 812 (8th Cir. 2008) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001)).

Plaintiff argues that he asserted a claim under Bivens v. Six Unknown Named Agents against the FBI, USDOJ and USMS.  A Bivens action, however, cannot be prosecuted against the United States government, including its agencies, because of sovereign immunity.  Laswell, 683.F.2d at 268; Schutterle v. United States, 74 F.3d 846, 848 (8th Cir. 1996) (the United States and its agencies "are not proper Bivens defendants because of sovereign immunity"), cert. denied, 517 U.S. 1210, 116 S. Ct. 1829, 134 L. Ed. 2d 934 (1996); Buford, 160 F.3d at 1203; Head v. United States, No. 07-3555, 2009 U.S. Dist. LEXIS 125650, at *10 (D. Minn. Nov. 30, 2009).

Plaintiff's Bivens action fails to state a claim as a matter of law against the FBI, USDOJ or the USMS because Bivens actions are available only against individual defendants, not agencies. See Buford, 160 F.3d at 1203. The Bivens claims against FBI, USDOJ and USMS are all dismissed.

## II.  FORMER ATTORNEY GENERAL GONZALES

Plaintiff alleges a Bivens action against Defendant Gonzales in both his official and individual capacities.  (Compl., ¶ 12).  Plaintiff has failed to make any response to Defendant Gonzales's Motion to Dismiss.  See Doc. No. 103, p. 6 ("Plaintiff relies on the facts presented in the complaint[.]").

### A.  Constitutional Claims

#### 1.  Individual Capacity

Plaintiff alleges that Defendant Gonzales violated his Eighth Amendment constitutional rights by failing to protect him.  (Compl., ¶ 28).  Bivens allows tort actions against federal officials and employees directly under the Constitution.  Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).  In a Bivens action, when individuals are named as defendants, it must be those that were actually involved in the alleged constitutional violation.  Laswell, 683 F.2d at 268 ("plaintiff must ferret out the officials directly responsible for the alleged constitutional violation").

##### a.  Respondeat Superior

"As with actions under 42 U.S.C. § 1983, there is no respondeat superior liability in Bivens actions; defendants are liable for their personal acts only."  Buford, 160 F.3d at 1203 (citing Estate of Rosenberg, 56 F.3d at 37); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens ... suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Gonzales cannot be held liable for the actions of his subordinates under a theory of respondeat superior. Plaintiff has not set forth any allegations that Gonzales personally was involved in the alleged violations of his constitutional rights. Plaintiff has not identified any conduct by Gonzales, other than identifying Gonzales as a party in the lawsuit. (Compl., ¶¶ 7- 9, 24). Plaintiff has not alleged that Gonzales was responsible either for placing Greenwade in Plaintiff's cell or for failing to put Greenwade on Plaintiff's Separatee list. Absent any allegations of personal involvement by Gonzales in Plaintiff's alleged constitutional injury, Plaintiff fails to state a <u>Bivens</u> claim against Gonzales. Because Plaintiff has failed to allege any individual actions by Gonzales, Plaintiff's claim is dismissed for failure to state a claim against Gonzales in his individual capacity. <u>Iqbal</u>, 129 S.Ct. at 1948 ("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

b.    Qualified Immunity

In addition, Gonzales has qualified immunity for any allegations against Gonzales as an individual. Qualified immunity extends to claims against government employees sued in their individual capacities. <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999). For government officials performing discretionary functions, qualified immunity provides a shield from civil damages except in cases in which they have violated "clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Thomas v. Hungerford</u>, 23 F.3d 1450, 1452 (8th Cir. 1994) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). Qualified immunity "allows officers to make reasonable errors so that they do not always 'err on the side of caution'" for fear of being sued. <u>Habiger v. City of Fargo</u>, 80 F.3d 289, 295 (8th Cir. 1996) (citation omitted), cert. denied 519 U.S. 1011, 117 S. Ct. 518, 136 L. Ed. 2d 407 (1996). This standard "gives ample room for mistaken judgments by protecting all but the

plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991) (internal quotation omitted).

Qualified immunity extends to Bivens actions. Butz v. Economou, 438 U.S. 478, 507, 98 S. Ct. 2894, 57 L. Ed. 2d 895 (1978). If qualified immunity applies, it immunizes executive officials from a lawsuit. Patel, 515 F.3d at 812 (citing Hayek v. City of St. Paul, 488 F.3d 1049, 1054 (8th Cir. 2007)). "Unless the complaint states a compensable claim for relief under the Federal Constitution, it should not survive a motion to dismiss." Butz, 438 U.S. at 507-508.

Plaintiff appears to allege an Eighth Amendment constitutional violation. A defendant violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed. 2d 811 (1994) (citations omitted). Second, a defendant must have a "sufficiently culpable state of mind," or "deliberate indifference to inmate health or safety." Id. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Id. at 835. A defendant "cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

A Bivens action against Gonzales as an individual is untenable because he is protected by qualified immunity. See Butz, 438 U.S. at 507 (officials are entitled to qualified immunity unless actions knowingly violate a clearly established constitutional right). Plaintiff has failed to allege that Gonzales violated any clearly established statutory or constitutional rights of which a reasonable person would have known. In fact, Plaintiff has failed to state any specific actions taken by Gonzales. Therefore, Plaintiff's claim also fails on the basis of qualified immunity.

2.	Official Capacity

A <u>Bivens</u> suit against Gonzales in his official capacity is treated as a suit against the United States Government, or the Justice Department. <u>Buford</u>, 160 F.3d at 1203. A <u>Bivens</u> action cannot be prosecuted against the United States and its agencies because the United States has not waived sovereign immunity for actions arising out of Constitutional violations. <u>Hartje v. F.T.C.</u>, 106 F.3d 1406, 1408 (8th Cir. 1997); <u>Laswell</u>, 683 F.2d at 268 ("Bivens-type action cannot be prosecuted against the United States government").[4] Consequently, the Constitutional claims against Gonzales in his official capacity are dismissed.

B.	FTCA

To the extent that Plaintiff is attempting to allege a FTCA claim against Gonzales, Plaintiff's claim fails. The FTCA precludes suits against individual federal employees for common law torts allegedly committed during the course and scope of their employment. 28 U.S.C. §2679(b)(1). The United States is the proper defendant for an FTCA claim regarding acts performed by individual federal employees during the course and scope of their employment. <u>See</u> <u>Wollman v. Gross</u>, 637 F.2d 544, 547 (8th Cir. 1980) (citing 28 U.S.C. § 2679(b))("The district court properly held that because Gross was a federal employee acting within the scope of his employment, plaintiff's exclusive remedy is against the United States under the FTCA"). Accordingly, this Court dismisses the FTCA claim, if any, against Gonzales.

---

[4]As discussed herein, even if these claims were deemed claims against the United States government, then they would also be dismissed because the United States Department of Justice is not a proper defendant against either common law tort or Constitutional claims. "A Bivens action, which provides a cause of action for a constitutional violation, is only available against federal officers, not government entities." <u>Hartje</u>, 106 F.3d at 1408 (citing <u>Bivens</u>, 403 U.S. at 397).

Moreover, Plaintiff's FTCA claim based upon the conduct of defendant Holtshouser fails because Plaintiff failed to exhaust his administrative remedies.  The FTCA requires that, prior to bringing suit, the claim must be presented in writing to the appropriate administrative agency.  Wollman, 637 F.2d at547; Bellecourt, 994 F.2d at 430; 28 U.S.C. §2675(a).  The requirement of presentation of an administrative claim is not waivable.  28 U.S.C. §2675(a); Bellecourt, 994 F.2d at 430 ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant.").  Plaintiff has not alleged that he filed an administrative tort claim with the United States Attorney's Office of the United States Department of Justice related to Gonzales's allegedly tortious conduct.  As a result, Plaintiff's common law tort claims against Gonzales, or the United States regarding Gonzales's conduct, are dismissed.

## III.   ASSISTANT UNITED STATES ATTORNEY HOLTSHOUSER

Plaintiff alleges Bivens and FTCA claims against Defendant Holtshouser in both his official and individual capacities.  (Compl., ¶ 13).

    A.    Constitutional Claims

        1.    Individual Capacity

            a.    Prosecutorial Immunity

"Immunity is absolute only when the prosecutor performs distinctively prosecutorial functions."  Buckley v. Fitzsimmons, 919 F.2d 1230, 1240 (7th Cir. 1990); McGhee v. Pottawattamie County, 514 F.3d 739, 747 (8th Cir. 2008).  If the prosecutor is acting as advocate for the government in a criminal prosecution, then the prosecutor is entitled to absolute immunity.  Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996) (citing Buckley v. Fitzsimmons, 509 U.S. 259, 125 L. Ed. 2d 209, 113 S. Ct. 2606, 2615 (1993)).  "Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's

case at trial, and other conduct that is intimately associated with the judicial process. Brodnicki, 75 F.3d at 1266 (citing Buckley, 509 U.S. 259; Imbler v. Pachtman, 424 U.S. 409, 430-31 n.33, 47 L. Ed. 2d 128, 96 S. Ct. 984 (1976)); Maness v. Dist. Court, 495 F.3d 943, 944 (8th Cir. 2007) (recognizing that the prosecutor enjoyed absolute immunity from suit regarding the pursuit of criminal prosecution); Miller v. Blanchard, No. 04-C-255-C, 2004 U.S. Dist. LEXIS 11103, at *14 (W.D. Wis. June 14, 2004).

Defendant Holtshouser urges that he is entitled to prosecutorial immunity from Plaintiff's Bivens claims against him as an individual. Plaintiff has not alleged any specific acts by Holtshouser that were outside of his prosecutorial functions. Absent such a deviation from his duties, Holtshouser is protected by prosecutorial immunity. Plaintiff's claims against Holtshouser as an individual are dismissed on this basis.

b.    Qualified Immunity[5]

As stated, Plaintiff has alleged that Defendants violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment by "failing to protect him from immediate and preventable harm while in their custody and care." (Compl., ¶ 28). Plaintiff alleges that Defendant Holtshouser failed to protect him from other prisoners after Plaintiff began assisting in the prosecution of prisoners housed at Lincoln County jail. (Compl., ¶¶ 32-33).[6] Plaintiff does not allege that Defendant Holtshouser was aware of any threats against Plaintiff or that Holtshouser had a duty

---

[5]The standard of review for qualified immunity is discussed in the previously in this opinion.

[6]Plaintiff makes the general allegation that Holtshouser was "supposed to have informed" the State Defendants that Plaintiff Morris needed to be separated from several individuals at the Lincoln County Jail. (Compl., ¶ 33). Plaintiff provides no facts to support his conclusion that Holtshouser had any direct, personal information regarding the confinement conditions of a pretrial detainee in Missouri. The Court finds that this allegation is conclusory and cannot be used to defeat Holtshouser's Motion to Dismiss.

to protect Plaintiff while he was in the prison. (Doc. No. 83, p. 8). The Court notes that it is the job of prison officials, not the prosecutors, to keep a prisoner safe while he is in custody. It is the responsibility of prison officials to protect inmates from harm, not that of state prosecutors or investigators. See Miller, 2004 U.S. Dist. LEXIS 11103, at *18. Even if the Court assumes that Defendant Holtshouser knew of the threat posed by the other inmates, including Greenwade, Holtshouser "did not have to the authority to take reasonable protective measures within the federal prison system." Id., at *18-19. Accordingly, even if Holtshouser does not have prosecutorial immunity, he is entitled to official immunity. Plaintiff's claims against Holtshouser as an individual are dismissed based upon qualified immunity.

2.     Official Capacity

Plaintiff also alleges that Defendant Holtshouser should be liable for constitutional violations in his official capacity. Holtshouser, however, states that any claim against him in his official capacity must be dismissed on the basis of sovereign immunity.

As previously discussed, the United States has not waived its sovereign immunity from suit for money damages arising out of a constitutional violation. Hartje, 106 F.3d at 1408. "[A] plaintiff cannot nullify the federal government's sovereign immunity just by naming individual government employees and officers as defendants." Spry v. Phillips, Doc. No. 8:99CV441, 2000 U.S. Dist. LEXIS 10764, at *12 (D. Neb. July 31, 2000) (citing Weaver v. United States, 98 F.3d 518, 520-21 (10th Cir. 1996)). Therefore, the Court dismisses the claim against Holtshouser in his official capacity.

B.     FTCA

To the extent that Plaintiff is attempting to allege a FTCA claim against Holtshouser, Plaintiff's claim fails. The FTCA precludes suits against individual federal employees for common

- 13 -

law torts allegedly committed during the course and scope of their employment.  28 U.S.C. §2679(b)(1).  The United States is the proper defendant for an FTCA claim regarding acts performed by individual federal employees during the course and scope of their employment.  See Wollman, 637 F.2d at 547 (citing 28 U.S.C. § 2679(b)).  Accordingly, this Court dismisses the FTCA claim, if any, against Holtshouser.

Moreover, Plaintiff's FTCA claim based upon the conduct of defendant Holtshouser fails because Plaintiff failed to exhaust his administrative remedies.  The FTCA requires that, prior to bringing suit, the claim must be presented in writing to the appropriate administrative agency.  Wollman, 637 F.2d at 547; Bellecourt, 994 F.2d at 430; 28 U.S.C. §2675(a).  The requirement of presentation of an administrative claim is not waivable.  28 U.S.C. §2675(a); Bellecourt, 994 F.2d at 430 ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant.").  Plaintiff has not alleged that he filed an administrative tort claim with the United States Attorney's Office of the United States Department of Justice related to Holtshouser's allegedly tortious conduct.  As a result, Plaintiff's common law tort claims against Holtshouser, or the United States regarding Holtshouser's conduct, are dismissed.

## IV.    AUERBACH, LIEFER, VAUGHN and WILLIAMS

Plaintiff named as defendants, in their official and individual capacities, Gerald M. Auerbach (General Counsel for the United States Marshals Service), Matthew Liefer (Deputy United States Marshal), Joseph Vaughn (Deputy United States Marshal), and Charlie Williams (Detention Enforcement Officer) in a Bivens action.  (Doc. No. 79, p. 1).

A.    Constitutional Claims

1.    Individual Capacities

Plaintiff alleges that Defendants Auerbach, Liefer, Vaughn and Williams violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment by "failing to protect him from immediate and preventable harm while in their custody and care." (Compl., ¶ 28).

a.    Respondeat Superior

As previously discussed, no respondeat superior liability can be imposed on an individual for a Bivens action. Buford, 160 F.3d at 1203. Thus, Auerbach, Liefer, Vaughn and Williams cannot be held liable for the actions of their subordinates under a theory of respondeat superior.

Further, Plaintiff has not identified any conduct by Auerbach, Liefer, Vaughn and Williams, other than identifying them as parties in the lawsuit. (Compl., ¶ 12).[7] Plaintiff has not set forth any allegations that Auerbach, Liefer, Vaughn and Williams personally were involved in the alleged violations of Plaintiffs' constitutional rights. Plaintiff has not alleged that Auerbach, Liefer, Vaughn and Williams were responsible either for placing Greenwade in Plaintiff's cell or for failing to put Greenwade on Plaintiff's Separatee list.[8] Absent any allegations of personal involvement by Auerbach, Liefer, Vaughn and Williams in Plaintiff's alleged constitutional injury, Plaintiff fails to state a claim against Auerbach, Liefer, Vaughn and Williams. Because Plaintiff has failed to allege

---

[7]Plaintiff makes the general allegation that Auerbach, Liefer, Vaughn and Williams were "supposed to have informed" the State Defendants that Plaintiff Morris needed to be separated from several individuals at the Lincoln County Jail. (Compl., ¶ 33). Plaintiff provides no facts to support his conclusion that Auerbach, Liefer, Vaughn and Williams would have had any direct, personal information regarding the confinement conditions of a pretrial detainee in Missouri. The Court finds that this allegation is conclusory and cannot be used to defeat Auerbach, Liefer, Vaughn and Williams's Motion to Dismiss.

[8]For example, the only factual allegation against Auerbach is that, as General Counsel for the USMS, he wrote a letter to Plaintiff denying the USMS's responsibility for Plaintiff's altercation at the Lincoln County Jail. (Compl., ¶¶ 51-53, 55). Auerbach's legal work occurred after the events underlying Plaintiff's constitutional claims and has no relationship to his alleged constitutional deprivations. Accordingly, Plaintiff has alleged no facts against Auerbach that would support his Bivens claim.

any individual actions by Auerbach, Liefer, Vaughn and Williams, Plaintiff's <u>Bivens</u> claim is dismissed for failure to state a claim. <u>Iqbal</u>, 129 S.Ct. at 1948.

b.        Qualified Immunity

Defendants Auerbach, Liefer, Vaughn and Williams also are entitled to qualified immunity based upon Plaintiff's claims. As discussed previously, to prove an Eighth Amendment violation of Plaintiff's rights, he must demonstrate that the purported constitutional deprivation was objectively sufficiently serious and that the official had a sufficiently culpable state of mind of "deliberate indifference" to Plaintiff's health and safety. <u>Farmer</u>, 511 U.S. at 834.

The Court assumes, for purposes of this Motion, that the injuries Plaintiff suffered due to his altercation with Greenwade were "sufficiently serious."[9] In the Complaint, Plaintiff, however, does not allege that Defendants Auerbach, Liefer, Vaughn and Williams had sufficiently culpable states of mind. Plaintiff alleges that Defendants Auerbach, Liefer, Vaughn and Williams were supposed to have informed the State Defendants that he was to be separated from several individuals at the Lincoln County Jail. Plaintiff, however, does not allege how these Defendants were involved in Plaintiff's imprisonment or acted with reckless disregard for Plaintiff's health and safety.

Plaintiff also has not alleged any facts that demonstrate that Defendants acted with deliberate indifference to Plaintiff's health and safety. Plaintiff state in a conclusory fashion that all defendants "acted with Deliberate Indifference and Blatant and Callous Disregard." (Compl., ¶ 88). Plaintiff, however, did not allege any facts to support this legal conclusion with respect to Defendants Auerbach, Liefer, Vaughn and Williams. Absent any allegations that these Defendants were personally involved in Plaintiff's imprisonment, the Court can find no violation of the Eighth

---

[9]Plaintiff's claims regarding two attempted attacks, where he "narrowly escaped being assaulted," (Compl., ¶ 89), are not "sufficiently serious." A mere close call is insufficient to demonstrate an objectively serious injury.

Amendment. Plaintiff has failed to allege how Defendants Auerbach, Liefer, Vaughn and Williams acted with deliberate indifference. Plaintiff simply alleges no evidence which would deny Defendants qualified immunity. Defendants Auerbach, Liefer, Vaughn and Williams are entitled to qualified immunity because Plaintiff has not alleged specific facts that support Plaintiff's claim that they violated his constitutional rights.

### 2. Official Capacity

As previously discussed with respect to Defendant Holtshouser, <u>Bivens</u> actions cannot be brought against individuals in their official capacities. To the extent that Plaintiff alleges claims against the Defendants Auerbach, Liefer, Vaughn and Williams in their official capacities, such claims are properly against the federal government. <u>Buford</u>, 160 F.3d at 1203 ("a suit against Runyon in his official capacity is treated as a suit against the Postal Service"); <u>Laswell</u>, 683 F.2d at 268. The federal government, however, has not waived its sovereign immunity from suit for money damages arising out of constitutional violations. <u>Hartje</u>, 106 F.3d at 1408; <u>Buford</u>, 160 F.3d at 1203 ("a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity"). Accordingly, Plaintiff's <u>Bivens</u> claims against Defendants Auerbach, Liefer, Vaughn and Williams fail on the basis of sovereign immunity.

### B. FTCA

Plaintiff attempts to allege FTCA claims against Defendants in their official capacities. "By waiving sovereign immunity for certain injuries and losses, the FTCA provides a remedy for torts committed by federal officers." <u>Hartje</u>, 106 F.3d at 1408 (citing 28 U.S.C. § 1346(b)). The United States, not Defendants Auerbach, Liefer, Vaughn and Williams, are the proper defendants with respect to Plaintiff's FTCA claim. <u>See Shqeirat v. United States Airways Group, Inc.</u>, 645 F. Supp. 2d 765, 781, n. 8 (D. Minn. 2009) ("In a FTCA claim, the employee is not a proper party" and the

Court normally substitutes the United States as the defendant rather than the employee in his official capacity.). Accordingly, the Court dismisses Plaintiff's FTCA claim against Defendants Auerbach, Liefer, Vaughn and Williams. Through the briefing, the United States Attorney, who is a designate of the Attorney General, has represented that these employees were acting within the course and scope of their employment. Consequently, the Court substitutes the United States as a defendant on the FTCA claims against Defendants Auerbach, Liefer, Vaughn and Williams. 28 U.S.C. § 2679(d)(1); see also Kaminsky, 2007 U.S. Dist. LEXIS 80702, at *7.

The substitution of the United States, however, does not end the Court's inquiry into whether Plaintiff's FTCA claims are properly before the Court. A condition to a party filing a FTCA lawsuit is that the plaintiff must have "presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. §2675(a). As previously discussed, the "presentment of an administrative claim is 'jurisdictional and must be pleaded and proved by the FTCA claimant.'" Sanchez v. United States, 49 F.3d 1329, 1330 (8th Cir. 1995) (quoting Bellecourt, 994 F.2d at 430).

Here, Plaintiff has pled that he presented his FTCA claims to the proper agency, the USMS. Therefore, the Court will deny Defendants' Motion to Dismiss and substitute the United States for the FTCA claims against these employee defendants.

## V.     UNITED STATES OF AMERICA

Defendant the United States of America ("United States") brought a motion to dismiss for lack of subject matter jurisdiction ("Motion") regarding Plaintiff's FTCA claim. (Doc. No. 119). Therein, the United States claims that Plaintiff's FTCA claim must be dismissed because it is based upon the negligent acts of Lincoln County Jail officials, who are independent contractors, not employees, of the United States. The FTCA waives sovereign immunity with respect to federal

employees acting in an official capacity, but excludes independent contractors. 28 U.S.C. § 2671. Thus, if Plaintiff's claims against the United States are based upon the negligent acts of Lincoln County Jail officials, then Plaintiff's FTCA claim is barred by sovereign immunity because the United States has not waived sovereign immunity with respect to independent contractors.

As noted by the United States, Plaintiff alleges that the United States is liable because the USMS neglected to provide Lincoln County Jail with an order to keep Plaintiff and Greenwade separated. (Memorandum in Support of Defendant United States of America's Amended Motion to Dismiss ("Memorandum in Support"), Doc. No. 120, p. 8 (citing Compl., ¶ 62)). The United States also admits that whether the USMS provided notice to Lincoln County Jail or Lincoln County Sheriff's Department to keep Greenwade separate from Morris is a disputed fact. (Memorandum in Support, p. 8). The United States claims, however, that even if the USMS failed to notify Lincoln County officials that Greenwade was to be kept separate from Plaintiff, then the United States should still be dismissed. According to the Memorandum in Support, the United States should be dismissed because Lincoln County officials "were on Notice that [Plaintiff] was to be kept separate from David Greenwade, because Plaintiff himself had conversations with Defendants Scott, Doyle and Swafford regarding his separation status, as well as additional conversations with other Agents/ Employees of the Lincoln County Jail." (Memorandum in Support, p. 2 (citing Compl., ¶ 72)). The United States also notes that Plaintiff alleges that he told Defendant Larry Doyle, the Captain of the Lincoln County Jail, and another correctional officer about threats to Plaintiff from Greenwade and that a separation order existed. (Memorandum in Support, pp. 8-9 (citing Compl., ¶¶ 74-75)). The United States alleges that if any Lincoln County official had contacted the USMS, then the USMS would have verified that a separation order was in place for Greenwade and Plaintiff. (Memorandum in Support, p. 9).

The United States urges, therefore, that Plaintiff complains about the negligence of Lincoln County officials, not the USMS. The United States asserts that this case must be dismissed for lack of subject matter jurisdiction because the United States has not waived sovereign immunity regarding the actions of independent contractors, such as employees of Lincoln County.

In response, Plaintiff asserts that his claim against the United States is based upon the negligent acts of the USMS and its employees, not Lincoln County employees. (Memorandum of Law in Support of Plaintiff's Response to Defendant United States of America's Amended Motion to Dismiss ("Response"), Doc. No. 128, pp. 1, 4). Plaintiff asserts that the facts "prove that the United States Marshals Service is the negligent party in this suit responsible for allowing David Greenwade to enter the same confines as the Plaintiff despite the existence of a separatee order." (Response, p. 4).

The Court finds that Plaintiff has sufficiently alleged a FTCA claim against the United States. Plaintiff alleges that "[t]he United States Defendants are liable to Plaintiff, because they neglected to provide the State Defendants with a Separatee Order directing that David Greenwade be kept separate from the Plaintiff Morris, and, as a direct and proximate result of the United States Defendants acts and/or omissions, the Plaintiff Morris was attacked and severely beaten, sustaining pain and suffering, and permanent physical and psychological damage." (Compl., ¶ 62). Although Plaintiff has alleged that he also informed Defendants Scott, Doyle and Swafford that he should have been separated from Greenwade, the Court cannot hold as a matter of law that the State Defendants' negligence precludes a finding of liability for the United States Defendants' purported negligence. At this stage of litigation, the Court cannot hold as a matter of law that the United States Defendants' purported negligence did not result in injury to Plaintiff. The fact-finder will have to determine if the

United States would have provided the State Defendants with a Separatee Order naming Greenwade. Accordingly, the United States's Amended Motion to Dismiss is denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss of Defendants FBI, USMS, and USDOJ (Doc. No. 76) is **GRANTED**. The United States is substituted as the defendant in Plaintiff's FTCA claim against the USMS.

**IT IS FURTHER ORDERED** that Defendants Gerald M. Auerbach's, Matthew Liefer's, Joseph Vaughn's and Charlie Williams's Joint Motion to Dismiss, or, in the Alternative, Motion for a More Definite Statement (Doc. No. 78) is **GRANTED**. The United States is substituted as the defendant in Plaintiff's FTCA claim against Gerald M. Auerbach, Matthew Liefer, Joseph Vaughn and Charlie Williams.

**IT IS FURTHER ORDERED** that Motion to Dismiss Case by Steven Holtshouser (Doc. No. 82) is **GRANTED**.

**IT IS FURTHER ORDERED** that Motion to Dismiss Case by Defendant Alberto Gonzales (Doc. No. 84) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant United States of America's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 119) is **DENIED**.

Dated this 8th day of June, 2010.

/s/ Jean C. Hamilton

UNITED STATES DISTRICT JUDGE