UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FRANKLIN D. MORRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  Case No. 4:07CV1629 JCH |
| LT. LARRY DOYLE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Larry Doyle's, Lloyd Swafford's and Scott Bonney's Amended Motion for Summary Judgment, filed February 5, 2010 (Doc. No. 108), and Plaintiff Franklin Morris' Motion for Summary Judgment Against Defendants Diane Cockrell, Larry Doyle, Co. Phillips (a.k.a. Fields), Lynn Park, Lloyd Swafford, Scott Bonney, Lincoln County Jail, Gerald M. Auerbach, Matthew Liefer, Joseph Vaughn, United States Marshals Service and United States, filed February 4, 2010 (Doc. No. 106). These motions are fully briefed and ready for disposition.[1]

**BACKGROUND**

Plaintiff alleges that, while in federal custody on criminal charges, he cooperated with federal authorities regarding several bank robberies. (Compl., ¶¶ 31-32).[2] Plaintiff was held as a pretrial detainee at the Lincoln County Jail pursuant to an Intergovernmental Agreement between the United

---

[1] Plaintiff filed his Response to Defendant's [sic] Larry Doyle's, Lloyd Swafford's and Scott Bonney's Memorandum of Law in Support of their Amended Motion for Summary Judgment ("Response") on March 5, 2010. (Doc. No. 115). Defendants have not filed a reply in support of their Motion for Summary Judgment, and their time for filing a reply has expired. See E.D.L.R. 4.01.

[2] All citations are to Plaintiff's Amended Complaint ("Complaint," "Compl."). (Doc. No. 46).

States Marshals Service ("USMS") and the Lincoln County Jail. (Doc. No. 115-1). Some of the people implicated in these robberies were being held, like Plaintiff, at the Lincoln County Jail. (Compl., ¶¶ 31, 33). Consequently, Morris was supposed to be separated from several individuals at the Lincoln County Jail. (Compl., ¶ 33). According to Plaintiff, the USMS was supposed to issue the Separatee List and instruct the State Defendants to keep Plaintiff Morris separate from David Greenwade, Otis McCalister, Scott Williams, and Joe Morris. (Compl., ¶ 33).

In September 2005, Greenwade was placed in Plaintiff's housing unit at Lincoln County Jail. (Compl., ¶ 35). On September 27, 2005, Greenwade assaulted Plaintiff. (Compl., ¶ 36). Plaintiff claims that he suffered temporary and permanent injury from Greenwade's attack. (Compl., ¶¶ 37-38). Plaintiff also claims that after he was transferred to another facility, he "narrowly escaped being assaulted in two additional incidents." (Compl., ¶¶ 80, 83, 89). Plaintiff alleges that Defendants violated his Eighth Amendment constitutional right to be free from cruel and unusual punishment by "failing to protect him from immediate and preventable harm while in their custody and care." (Compl., ¶28). Plaintiff also claims that "Defendants" further violated his Eighth Amendment Constitutional right by "depriving him of immeidate [sic] and necessary medical treatment for injuries sustained while in their custody and care." (Compl., ¶ 29).[3]

On February 4, 2010, Plaintiff filed a Motion for Summary Judgment against Defendants Diane Cockrell, Larry Doyle, Co. Phillips (a.k.a. Fields), Lynn Park, Lloyd Swafford, Scott Bonney, Lincoln County Jail, Gerald M. Auerbach, Matthew Liefer, Joseph Vaughn, United States Marshals Service and United States. (Doc. No. 106). On February, 5, 2010, Defendants Larry Doyle,[4] Lloyd

---

[3]Plaintiff alleges this claim solely against the State Defendants.

[4]Captain Larry Doyle is a Captain with the Lincoln County Sheriff's Department and was in charge of the administration of the Lincoln County Jail and correctional officers employed by the jail. (Defendants' Statement of Uncontroverted Material Facts, Doc. No. 108-1, ¶ 1). Doyle also acted

Swafford & Scott Booney (collectively, "Defendants") filed an Amended Motion for Summary Judgment ("Motion"). (Doc. No. 108).

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©; Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Only disputes over facts that might affect the outcome will properly preclude summary judgment. Id. Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex Corp., 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 258. "[A] properly supported motion for summary judgment is not defeated by self-serving affidavits." Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) (citing Davidson & Assocs. v. Jung, 422 F.3d 630, 638 (8th Cir. 2005)).

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Celotex

---

as the custodian of records for the Lincoln County Jail. (Doc. No. 108-2, ¶ 2).

Corp., 477 U.S. at 331, n.2. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249.

## DISCUSSION

**I.   STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff has alleged a 42 U.S.C. § 1983 claim against various prison officials for their alleged failure to protect him in violation of the Eighth Amendment, Norman v. Schuetzle, 585 F.3d 1097, 1100 (8th Cir. 2009), and for their deliberate indifference to his serious medical needs under the Eighth Amendment, Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Nelson v. Corr. Med. Servs., 583 F.3d 522, 532 (8th Cir. 2009). See Compl., ¶¶ 28-29.

**A.   Failure to Protect**

A prison official violates the constitution[5] only when two requirements are met. First, "the deprivation alleged must be, objectively, 'sufficiently serious[.]'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991)); Lenz v. Wade, 490 F.3d 991, 995 (8th Cir. 2007) ("conditions that result from the failure to protect the inmate must pose a substantial risk of serious harm to the inmates"). Second, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial

---

[5]As a pretrial detainee, Plaintiff's claims against the state officials are analyzed under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003); Crow v. Montgomery, 403 F.3d 598, 601 (8th Cir. 2005). The Court, however, applies the identical deliberate-indifference standard that applies to conditions of confinement claims made by convicts because "under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens, 328 F.3d at 1027 (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 77 L. Ed. 2d 605, 103 S. Ct. 2979 (1983)).

risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Lenz, 490 F.3d at 995 ("prison official must have exhibited a sufficiently culpable state of mind, that is, the prison official must have been deliberately indifferent to a substantial risk of serious harm to the inmates").[6] This subjective state of mind must be present before a plaintiff can be successful because "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" Jensen v. Clarke, 73 F.3d 808, 810 (8th Cir. 1996) (quoting Wilson v. Seiter, 501 U.S. 294, 297, 115 L. Ed. 2d 271, 111 S. Ct. 2321 (1991)). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." Young v. Selk, 508 F.3d 868, 873 (8th Cir. 2007)(citation omitted). The duty to protect inmates requires that prison officials "take reasonable measures to abate substantial risks of serious harm, of which the officials are aware." Reece v. Groose, 60 F.3d 487, 491 (8th Cir. 1995) (citation omitted); see also Nelson v. Shuffman, No. 09-2225, 2010 U.S. App. LEXIS 9366, at *13 (8th Cir. May 7, 2010).

Defendants claim that they were not aware of any specific threat or risk of harm to Plaintiff that would impose constitutional liability. Defendants assert that they did not know that inmate

---

[6]The Seventh Circuit provided an apt description of what prisoners must prove in deliberate-indifference cases:

> To be guilty of deliberate indifference [prison officials] must know they are creating a substantial risk of bodily harm. If they place a prisoner in a cell that has a cobra, but they do not know that a cobra is there (or even that there is a high probability that there is a cobra there), they are not guilty of deliberate indifference even if they should have known about the risk, that is, even if they were negligent - even grossly negligent or even reckless in the tort sense - in failing to know. Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir. 1982). But if they know that there is a cobra there or at least that there is a high probability of a cobra there, and do nothing, that is deliberate indifference."

Billman v. Indiana Dept. of Corrections, 56 F.3d 785, 788 (7th Cir. 1995).

Greenwade was a risk to Plaintiff until after the altercation and that, after their fight, Defendants took immediate measures to separate Plaintiff and Greenwade. Correctional Officer Lynn Parks states that the U.S. Marshal's Office contacted her the day after Plaintiff's altercation with Greenwade, to have her add Greenwade to Plaintiff's Separatee List. (Defendants Larry Doyle's, Lloyd Swafford's & Scott Bonney's Memorandum of Law in Support of Their Amended Motion for Summary Judgment ("Memorandum"), Doc. No. 108-7, p. 6). Captain Doyle also testified that Lincoln County Jail received no information that Greenwade was a risk until after the altercation between them. (Memorandum, p. 6).

Further, Defendants state that they were unaware that Plaintiff was assisting the FBI and, therefore, Defendants were not aware of that Greenwade should be separated from Plaintiff. Defendants Doyle, Bonney and Swafford were not involved in the FBI investigation. According to Defendants, Plaintiff has not provided any evidence to support a finding that Defendants were aware that Plaintiff was cooperating with the FBI investigation or that he was in danger because of his cooperation. (Memorandum, p. 6).

In response, Plaintiff asserts that correspondence from Gerald M. Auerbach, General Counsel for the USMS, creates an issue of fact regarding when the Lincoln County Jail was informed that Plaintiff and Greenwade required separation. According to Mr. Auerbach, "the USMS provided the Lincoln County Jail with an order that [Plaintiff] be separated from the individual who allegedly assaulted you." (Doc. No. 115-1). The USMS, therefore, asserts that it cannot be liable for the actions of independent contractors, such as the officers of the Lincoln County Jail. (Doc. No. 115-2). This evidence supports a finding that, contrary to Defendants' suggestions, officials at the Lincoln County Jail knew that Plaintiff and Greenwade should have been separated.

The Court finds that Plaintiff has provided sufficient evidence to avoid summary judgment on this point. Plaintiff's evidence creates an issue of fact regarding whether Defendants were aware that Plaintiff and Greenwade should have been separated. According to the USMS, the Lincoln County Jail officials were told to put Greenwade on Plaintiff's Separatee List. The Court finds that the information allegedly provided to the Defendants was sufficient to support a finding that they were aware of a substantial risk of serious harm to Plaintiff. Young, 508 F.3d at 873-74. In addition, Plaintiff also alleged in his verified Complaint that he told Scott, Doyle and Swafford that he was to be separated from Greenwade.[7]

Assuming that the Defendants were told to separate Greenwade and Plaintiff by the USMS or Plaintiff, the Court also finds an issue of fact regarding whether Defendants exhibited a sufficiently culpable state of mind. If Lincoln County Jail officials received information to separate Plaintiff and Greenwade and failed to do so, then the Court finds an issue of fact regarding whether Defendants responded reasonably to the risk to Plaintiff. Unlike in Prater v. Dahm, 89 F.3d 538 (8th Cir. 1996), Plaintiff has alleged "facts from which an inference could be made that the prison officials actually knew of the risk to" Plaintiff. Id. at 541. In Prater, the Eighth Circuit found no subjective evidence that the prison officials acted unreasonably where they only had information regarding common, everyday threats between inmates and that the inmates had assured prison officials that there would be no trouble between them. Id. at 541-42. Here, in contrast, Plaintiff has provided evidence that Greenwade was on his Separatee List. Assuming the information from the USMS is correct, the

---

[7]The Court notes that Plaintiff's Amended Complaint is verified under penalty of perjury and serves as a response to Defendants' summary judgment motion. Ward v. Moore, 414 F.3d 968, 970 (8th Cir. 2005). Therefore, there is an issue of fact regarding whether the State Defendants knew that Plaintiff and Greenwade should have been separated.

Lincoln County Jail officials had a sufficient and reasonable basis to know of the risk to Plaintiff. Accordingly, the Court denies summary judgment on this basis.

### B. Medical Care

"A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'" Olson v. Bloomberg, 339 F.3d 730, 735 (8th Cir. 2003)(quoting Estelle, 429 U.S. 97). "A prima facie case alleging deliberate indifference requires the inmate to demonstrate he suffered from an objectively serious medical need and prison officials actually knew of, but deliberately disregarded, the need." Nelson, 2010 U.S. App. LEXIS 9366, at *19 (citing Meuir v. Greene County Jail Emps., 487 F.3d 1115, 1118 (8th Cir. 2007)); Aswegan v. Henry, 49 F.3d 461, 464 (8th Cir. 1995) (internal citations and quotations omitted) ("As a general matter, a prison official commits an Eighth Amendment violation only when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) a prison official must be, as a subjective state of mind, deliberately indifferent to the prisoner's health or safety."); Reece, 60 F.3d at 491 (internal quotations and citations omitted) (the prisoner "must establish that the harm allegedly done is objectively, sufficiently serious, and that a prison official was, as a subjective state of mind, deliberately indifferent to the prisoner's condition"). To constitute an objectively serious medical need or a deprivation of that need, courts emphasize that "the need or the deprivation alleged must be either obvious to the layperson or supported by medical evidence, like a physician's diagnosis." Aswegan, 49 F.3d at 464 (granting summary judgment where plaintiff provided no medical evidence to support his claim that he is deprived of a serious medical need when prison officials treat him like other prisoners during cell shakedowns and detain him temporarily in a shower stall). "Whether a prison's medical staff deliberately disregarded the needs of an inmate is a fact-intensive inquiry." Nelson, 2010 U.S. App. LEXIS 9366. at *20. To state a claim, Plaintiff must

show must show more than negligence, more even than gross negligence. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Defendants argue that Plaintiff has provided no objective evidence that he suffered an objectively serious medical need. (Memorandum, p. 9). The altercation between Plaintiff and Greenwade occurred at 6:20 p.m. on September 27, 2005. At 5:40 a.m., on September 28, 2005, Plaintiff was transported from Lincoln County Jail to St. Francois County Jail. (Memorandum, p. 9). Defendants note that Plaintiff was transferred less than twelve (12) hours after his altercation with Greenwade and before the Lincoln County Jail nurse arrived. (Memorandum, p. 9). Further, Plaintiff has not shown that Defendants recognized that Plaintiff had a substantial risk of harm and that Defendants' conduct was inappropriate in light of that risk. (Id.) Defendants also urge that they could not have known that Plaintiff faced a substantial risk of harm. Plaintiff did not ask for medical attention, but only asked for an ice pack. (Id.)

Finally, Defendants assert that, even if Plaintiff did suffered the injuries he claims, Plaintiff's injuries do not rise to a level that could establish deliberate indifference on the part of Defendants. (Id.) Plaintiff reported injuries that were consistent with being involved in a fight. Plaintiff does not claim that he required emergency medical attention or that his injuries or medical condition were exacerbated by waiting until medical staff arrived at the Lincoln County Jail. (Id.)

In response, Plaintiff points out that he never received any medical treatment while at Lincoln County Jail. (Response, p. 6; Compl., ¶ 78). In fact, Plaintiff alleges that "the State Defendants refused to provide him with any medical treatment whatsoever." (Compl., ¶ 40).[8] Plaintiff alleges that he did not receive any medical attention until 1:00 p.m. on September 28, 2005. (Compl., ¶ 70).

---

[8]Because Plaintiff filed his Amended Complaint verified under penalty of perjury, there exists an issue of fact regarding whether Plaintiff requested medical treatment. Ward, 414 F.3d at 970.

The refusal of treatment indicates that Plaintiff requested medical treatment for his injuries. Plaintiff first received treatment at St. Francis County Jail. (Response, p. 6; Compl., ¶ 70). Plaintiff alleges that he sustained severe injuries to his left eye and that the "entire area of his face and his head was swollen and severely bruised." (Compl., ¶ 37). Plaintiff complains that he has suffered permanent damage to his left eye as a result of the altercation with Greenwade and Defendants' subsequent failure to provide medical treatment. (Response, p. 5). Plaintiff provided medical records for treatment he has received since being transferred from Lincoln County Jail. (Doc. No. 115-3).

The Court finds that there is an issue of fact regarding whether Plaintiff suffered from an objectively serious medical need. "'An intentional delay in obtaining medical care for a prisoner who needs it may be a violation of the eighth amendment.'" Tlamka v. Serrell, 244 F.3d 628, 633 (8th Cir. 2001) (quoting Ruark v. Drury, 21 F.3d 213, 216 (8th Cir.), cert. denied, 513 U.S. 813, 130 L. Ed. 2d 23, 115 S. Ct. 66 (1994)). "For delay to rise to an actionable Eighth Amendment violation, however, the information available to the prison official must be such that a reasonable person would know that the inmate requires medical attention, or the prison official's actions (or inaction) must be so dangerous to the health or safety of the inmate that the official can be presumed to have knowledge of a risk to the inmate." Id.

In this case, the Court finds that there is an issue of fact regarding whether the alleged deprivation is sufficiently serious. Plaintiff has provided his medical records, which indicate that he was treated for injuries related to his altercation with Greenwade. See Doc. No. 115-3, p. 9 (indicates trauma to left eye; the doctor prescribed a pain reliever and an ice pack); but see Doc. No. 115-3, p. 6 (x-ray showed no evidence of fracture to orbits, nasal bones or facial bones). Plaintiff alleges that he has suffered permanent nerve damage because he did not receive adequate medical

treatment for his injuries.[9]  Plaintiff alleges injuries that may be sufficiently serious to meet the objective requirement to show deliberate indifference.

Further, the Court also finds that there is an issue of fact regarding whether Defendants were subjectively, deliberately indifferent to Plaintiff's condition. If Defendants knew that there was a substantial risk of serious harm to Plaintiff because of their failure to treat Plaintiff's injuries after his altercation with Greenwade and if Defendants deliberately disregarded the risk of harm to Plaintiff by failing to provide medical attention to Plaintiff, then Defendants' conduct could rise to an Eighth amendment claim. Olson, 339 F.3d at 738. Here, a jury could conclude Plaintiff had a serious medical need and Defendants deliberately disregarded the need by failing to treat Plaintiff prior transferring him to another facility. (Compl., ¶ 78). Defendants have failed to come forward with any evidence regarding their review or impression of injuries suffered by Plaintiff or the their response to Plaintiff's injuries. This Court denies summary judgment on this basis as well.

## II.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A.  State Defendants

Plaintiff urges that he is entitled to summary judgment on his §1983 claims against the State Defendants. As discussed herein, there exists an issue of fact regarding whether the State Defendants were deliberately indifferent to a substantial risk of harm to Plaintiff and deliberately indifferent to Plaintiff's serious medical need. Plaintiff's Motion for Summary Judgment with respect to the State Defendants is denied.

---

[9]Defendants state, without citation, that Plaintiff's injuries do not rise to the level that could establish deliberate indifference on the part of Defendants. (Memorandum, p. 9). The Court finds that the allegation of permanent nerve damage is sufficient for a claim of serious medical need.

B. FTCA Claim Against Defendants Auerbach, Liefer and USMS

Plaintiff asserts that the USMS is liable because it had a duty to protect Plaintiff from foreseeable harm or danger. (Plaintiff Franklin Morris' Memorandum of Law in Support of his Motion for Summary Judgment, Doc. No. 106-11, p. 6). Plaintiff claims that the USMS breached its duty by failing to provide a complete "separatee" list, which included Greenwade's name, to Lincoln County officials prior to the attack. (Id.) Plaintiff alleges that this breach resulted in Greenwade's attack on Plaintiff. (Id.)

As previously discussed, an issue of fact exists regarding whether the USMS provided a separatee list that included Greenwade. As noted by Plaintiff in his Complaint, the USMS stated that it provided a list of separatees that included Greenwade and the state officials were responsible for Plaintiff's safekeeping. (Compl., ¶ 51). Accordingly, the Court finds that an issue of fact exists regarding Plaintiff's Motion for Summary Judgment against Defendants Auerbach, Liefer and USMS. Plaintiff's Motion for Summary Judgment is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Larry Doyle's Lloyd Swafford's & Scott Bonney's Amended Motion for Summary Judgment (Doc. No. 108) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Franklin Morris' Motion for Summary Judgment Against Defendants Diane Cockrell, Larry Doyle, Co. Phillips (a.k.a. Fields), Lynn Park, Lloyd Swafford, Scott Bonney, Lincoln County Jail, Gerald M. Auerbach, Matthew Liefer, Joseph Vaughn, United States Marshals Service and United States (Doc. No. 106) is **DENIED**.

Dated this 8th day of June, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE